UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>            **PLAINTIFF,**<br><br>v.<br><br>**SIXTEEN THOUSAND ONE HUNDRED NINETY**<br>**DOLLARS IN UNITED STATES CURRENCY,**<br>            **DEFENDANT.** | **CASE NO. 1:12-CV-696**<br><br>**JUDGE MICHAEL R. BARRETT** |

## **OPINION AND ORDER**

\

This matter is before the Court on the Plaintiff United States of America's Motion for Summary Judgment.  (Doc. 17).  No response has been filed to that motion.  This matter is now ripe for review.

### **Background**

On September 14, 2012, the United States filed a Verified Complaint for Forfeiture in Rem.  (Doc. 1).  The Verified Complaint sets forth the specific facts regarding this asset forfeiture action.  (Doc. 1).  The action is brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

On September 17, 2012, the Court issued a Warrant of Arrest in Rem, directing the United States Marshals Service for the Southern District of Ohio to arrest the defendant property of Sixteen Thousand One Hundred and Ninety Dollars ($16,190.00).  (Doc. 2).   In accordance

with the Warrant, the United States Marshals Service arrested the defendant property on September 17, 2012 (Doc. 3).

Pursuant to Supplemental Rule G(4)(a)(iv)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States was required to publish notice of the arrest and of the right to contest the forfeiture of the defendant property on the official government website, www.forefeiture.gov, for thirty consecutive days.  Further, pursuant to Supplemental Rule G(4)(b)(i) and (ii), the United States was required to send Direct Notice of the action with a copy of the Complaint to any person who reasonably appeared to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G5(a)(ii)(B). The Direct Notice instructs the potential claimant or the potential claimant's attorney of the date the notice was sent; the deadline for filing a claim, at least thirty-five days after the Direct Notice was placed in the mail; that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claims; and the name of the United States Attorney to be served with the claim and answer.  The Direct Notice must be sent by means reasonably calculated to reach the potential claimant.

The United States sent Direct Notice and a copy of the complaint by certified mail to James Bennett, James Bennett c/o Wendy R. Calaway, Esq., and Kevin Deramus (Doc. 4).  The United States also posted notice of the civil forfeiture action on the official government website beginning on September 18, 2012 for thirty consecutive days.  (Doc. 5).

On October 30, 2012, Claimant James Bennett filed a claim to the defendant property, which he amended on November 15, 2012.  (Docs. 6, 8).  On November 14, 2012, Claimant filed an answer in this matter.  (Doc. 7).

On January 4, 2013, Claimant's counsel Wendy R. Calaway filed a motion to withdraw as his attorney (Doc. 9).  The Court held a motion hearing on March 25, 2013.  (Doc. 10).  On March 28, 2013, the Court granted the motion to withdraw, providing Claimant up to and including April 30, 2013 to find replacement counsel and instructing him to appear through counsel or pro se for a hearing on April 30, 2013.  (Doc. 12).  The Certified Mail Order sent to Claimant was returned unclaimed, and Claimant failed to appear at the April 30, 2013 hearing.  (Docs. 13, 14).  The minute entry from the April 30, 2013 hearing that was sent to Claimant also was returned as unclaimed.

The United States sent Claimant discovery requests by Certified and U.S. Mail on April 29, 2013 (Doc. 17-1, Ex. 1).  The United States received no responses or any other communication from Claimant or any representative of Claimant.  (Doc. 17-1, ¶ 3).

This Motion was filed on June 12, 2013.  (Doc. 17).  The Court held a follow up hearing on June 13, 2013, at which neither Claimant nor a representative of Claimant appeared.  (Doc. 18).

## Analysis

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 1065 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A fact is "material" only if its resolution affects the outcome of the suit.  *Id.*

On summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Once the moving party has met its burden of production, the nonmoving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Here, the United States has met its burden of showing that the defendant property is subject to forfeiture under 21 U.S.C. § 881(a)(6) as property that constitutes proceeds from one or more violations of Title 21, Chapter 13, Subchapter 1 or is traceable to such violations. The United States has submitted its Verified Complaint and the Declaration of Matthew J. Horwitz in support. (Doc. 1; Doc. 17-1). Further, the Claimant has admitted to all the facts necessary to establish the forefeitability of the defendant property by failing to timely respond to the United States' Requests for Admissions concerning those facts. Fed. R. Civ. P. 36(a)(3), (b); s*ee also United States v. Twenty Seven Thousand Seven Hundred Seventy Dollars in United States Currency*, No. 2:08-cv-009, 2011 U.S. Dist. LEXIS 116560, at *2-3 (S.D. Ohio Oct. 6, 2011) (finding claimant's failure to respond to a request to admit money constituted drug proceeds was a basis for summary judgment). Specifically, Claimant admits that on or about March 29, 2012 the officers from the Cincinnati Police Department performed a traffic stop on a white 2003

4

Infinity M45 with dark window tint registered to him for window tint violations and for not using a turn signal.  (Doc. 17-1, Ex. 1, Requests for Admission 1).  He further admits that he was the operator of the vehicle and Kevin Deramus was the front seat passenger, that bundles of U.S. currency in the amount of $3,200.00 were in plain view, that he signed a consent to search form for the vehicle, and that officers found additional money in the amount of $12,900.00 in the trunk of the vehicle, which was rubber banded together in a ziplock bag.  (Doc. 17-1, Ex. 1, Requests for Admissions 2-4, 6-7).  He admits that the money contained in the vehicle was Deramus' money, and that the defendant property constitutes proceeds from the sale of illegal controlled substances in violation of the United States Code.  (Doc. 17-1, Ex. 1, Requests for Admission 18 and 22).

## Conclusion

For the foregoing reasons, the United States' Motion (Doc. 17) is **GRANTED**.  It is **ORDERED** that the right, title and interest of the Claimant James Bennett in the defendant property is hereby forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6) for disposition in accordance with the law.

**IT IS SO ORDERED.**

                                              s/Michael R. Barrett
                                              Michael R. Barrett, Judge
                                              United States District Court